F. T. Fox, Jr., for appellants.

C. B. Seymour, for appellees.

---

## JOHN AND KATHARINE KAVANAUGH v. PATRICK SCOLLEY.

**Tender of Money.**

> Where the holder of a title bond goes to the person executing it and tenders the money due and demands a deed he is entitled to it

and the person to whom the tender is made cannot defend in a suit for specific performance because the money was not counted out to him, and no objection to the tender was made on account of such omission, and such person refused to make such deed or to accept the money in any way, but ordered the bearer of the tender off the premises.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

November 1, 1884.

OPINION BY JUDGE PRYOR:

The real estate of the appellee Scolley had been sold by the Marshal of the Louisville Chancery Court, and was purchased by one Merriwether and his bid transferred to John Kavanaugh, the husband of the appellant, Katharine Kavanaugh. After this was done the conveyance was made by the Commissioner at the instance of the husband to his wife, Katharine, she having paid the purchase money. Prior to the conveyance to the wife there was an understanding that her husband should pay off the debt, and give to the appellee Scolley the privilege of taking a part of the real estate purchased at the price he was to pay for the whole, and to carry into effect this agreement the husband and wife, the latter having been empowered to trade as a feme sole on the 4th of April, 1879, executed to Scolley, the appellee, a bond for title by which they agreed to convey to him within one year the particular portion of the property therein described; the consideration to be six hundred dollars, and when that sum is paid then Kavanaugh and wife are to convey the same to Scolley or to whomsoever he may direct. They refused to make the conveyance and hence the action to enforce its execution. The principal defense and in fact the only defense they have attempted to make is that no demand was made of them by Scolley for the deed or any money tendered within the twelve months. From the terms of the contract it is evident that no action could be maintained until a demand of the conveyance had been made and a payment of or an offer to pay the consideration. Whether or not the party (appellee) would have been precluded from enforcing the contract if he had failed to tender the money within the year is not necessary to be determined, for it is manifest that he did tender it to both the husband and wife within the twelve months, and from the appellants'

own proof it was tendered to the husband and this in our opinion was sufficient. They both agreed to make the conveyance, and the appellee went to their place of business and tendered the money. He did not count the money because they refused to make any deed or to accept it in any way but ordered appellee off the premises. Parties who furnished him with the money accompanied him at the time and for the purpose of seeing that the tender was made. It is evident that it was tendered to both husband and wife, and not only so the appellee brought the money into court where it was deposited subject to the order of the appellees upon their compliance with the agreement. The court has permitted them to withdraw it and what legal or equitable grounds they have for denying the justice of appellee's claim we are not able to see.

Judgment *affirmed.*

*C. D. McNamara, for appellants.*

